PROB 12B
(7/93)



**ORIGINAL**

**FILED**
DISTRICT COURT OF GUAM

NOV 22 2005

MARY L.M. MORAN
CLERK OF COURT

*United States District Court*

for

*District of Guam*

**Report for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender:   Glen Taisacan Quitugua          Case Number: CR 05-00025-001

Name of Sentencing Judicial Officer:    Consuelo B. Marshall

Date of Original Sentence:    August 10, 2005

Original Offense:    Drug User in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(3) & 924(a)(2).

Original Sentence:    14 months incarceration with credit for time served followed by a three year term of supervised release with conditions to include: not poses a firearm, ammunition, destructive device, or any other dangerous weapon; refrain from use of any and all alcohol; participate in a program approved by the U.S. Probation Office for substance abuse; perform 100 hours of community service; cooperate in the collection of DNA as directed by the probation officer; and pay a $100 special assessment fee. On September 20, 2005, an Informational Report was filed with the Court.

Type of Supervision:  Supervised Release          Date Supervision: August 10, 2005

**PETITIONING THE COURT**

☐ To extend the term of supervision _____ years, for a total term _____ years.

☒ To modify the conditions of supervision as follows:

1. The defendant shall perform an additional 50 hours of community service as approved by the U.S. Probation Office.

2. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation, and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.



Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

## CAUSE

On October 21, 2005, Mr. Quitugua tested presumptively positive for the use of methamphetamine and denied use. The specimen was sent to Scientific Testing Laboratories for confirmation testing. On November 1, 2005, the specimen was confirmed positive for the use of amphetamine and methamphetamine.

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated the offender's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is the offender's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests the defendant must submit.

Except as outlined above, Mr. Quitugua has been generally compliant with the conditions of supervision since being placed on supervised release. He has not tested positive on additional urinalysis and breathalyser tests conducted. He completed his community service requirement on September 14, 2005. In addition, he paid his $100 special assessment fee on August 18, 2005.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Quitugua's consent to the modification.

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: 11/17/05

Respectfully submitted,

by: JOHN W. SAN NICOLAS II
U.S. Probation Officer
Date: 11/17/05

## THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other

RECEIVED NOV 18 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

ROBERT CLIVE JONES, Designated Judge
NOV 19 2005

PROB 49
(3/89)

# United States District Court

for

*District of Guam*

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

     I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

     I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall perform an additional 50 hours of community service as approved by the U.S. Probation Office.

2. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation, and at least two tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

| Witness: | Grace D. Flores | Signed: | Glenn Quitugua |
|---|---|---|---|
| | U.S. Probation Officer | | Probationer or Supervised Releasee |

Nov. 03.05
Date